86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. BARNES, Defendant-Appellant.
 No. 95-30149.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1996.*
Decided May 28, 1996.
 
 Before: LAY,** WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert W. Barnes appeals his conviction and sentence for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; possession of cocaine with intent to deliver, in violation of 21 U.S.C. § 841; and possession of cocaine with intent to deliver within 1,000 feet of a school, in violation of 21 U.S.C. § 860.
 
 
 3
 On appeal, Barnes contends that the district court erred in admitting evidence of his gang affiliation. He contends that the evidence was offered solely to show his criminal propensity, and should have been excluded under Fed.R.Evid. 404(b) or Rule 403. We review the admission of evidence under an abuse of discretion standard. United States v. Easter, 66 F.3d 1018, 1020 (9th Cir.1995).
 
 
 4
 The government claims the evidence was relevant for several purposes in this case: to discredit Barnes' post-arrest statements, to corroborate various testimony offered by the prosecution, to prove that Barnes and Lemons, another young individual found at the crime scene, were co-conspirators, and to explain Lemons' bias as a witness. See United States v. Robinson, 978 F.2d 1554, 1562 (10th Cir.1992) (noting that "associational evidence may be directly relevant on the issues of formation, agreement and purpose of a conspiracy").
 
 
 5
 In the present case, the district court instructed the jury that Barnes' conviction could not be based solely on evidence concerning his associations with others, and requested that testimony avoid reference to the term "gang." See Easter, 66 F.3d at 1021 (9th Cir.1995) (precautionary measures are a factor in assessing whether admission of gang-affiliation evidence is an abuse of discretion).[1] Viewed together with the substantial physical evidence implicating Barnes, including his undisturbed fingerprint on the narcotics' packaging, any error was harmless.
 
 
 6
 Barnes also contends that the district court erred in failing to recognize its legal authority to depart downward on the basis of "crack versus powder" arguments said to be supported by a February 1995 Sentencing Commission Report entitled: Special Report to Congress: Cocaine and Federal Sentencing Policy.[2]
 
 
 7
 The Report upon which Barnes relies identifies several factors suggesting the greater punishment of crack offenses is rationally related to Congress's purposes: (1) crack's addictive properties; (2) the ease of using crack and its attendant greater temptation to first-time users; (3) its greater likelihood of being associated with violence, the possession of firearms, and criminal activity generally; (4) its appeal to young and poor users; and (5) its greater potential to harm pregnant mothers. See Report at 182-87. The Report expressly concludes that "a policymaker could infer that crack cocaine poses greater harms to society than does powder cocaine." Id. at 195. Thus, the Commission's recommendations, having been considered by Congress, do not without more create a basis for downward departure. U.S.S.G. § 5K2.0 permits downward departures only where the assertedly mitigating factor is "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." That is not the case here.
 
 
 8
 Barnes received a two-level increase under U.S.S.G. § 2D1.2 because the activities for which he was convicted took place within 1000 feet of a schoolyard. See 21 U.S.C. § 860.[3] Barnes maintains that the court may depart downward where a defendant is less culpable than others subject to the same enhancement. He points out that no school children were involved in the instant offenses and that none of the conduct occurred on school property, thus suggesting he is substantially less culpable than those who sell narcotics to school children or on school property. He argues that the district court failed to recognize its authority to depart in light of such circumstances.
 
 
 9
 This argument is meritless. The Ninth Circuit has expressly held that location is dispositive, regardless of factors such as those cited by Barnes. See United States v. Walker, 993 F.2d 196, 198-99 (9th Cir.1993) ("It does not matter whether the drugs were sold on school property or to school children, or whether the drugs were merely possessed near the protected location by someone unconnected to the school. It suffices that the drugs are present within 1,000 feet of the school."). The scope of 21 U.S.C. § 860 is broader than simply preventing school children from being exposed to illegal drug transactions: it is designed to create a "drug-free zone" around schools to protect the children not only from drugs, but from violence. See United States v. Wake, 948 F.2d 1422, 1430 (5th Cir.1991). Accordingly, it places the burden on drug dealers to ascertain their proximity to schools. Id. at 1433. It is clear that the evils Congress sought to prevent are not limited to drug sales that occur on school property; the very fact that a property used for drug trafficking is near a school increases the likelihood that students will obtain drugs and that they will be exposed to the dangers and violence that attend drug trafficking.
 
 
 10
 Barnes' final argument on appeal is that the cocaine base sentencing provisions are unconstitutional as enacted and as applied. This court rejected similar arguments in United States v. Dumas, 64 F.3d 1427 (9th Cir.1995), stating:
 
 
 11
 The government has presented evidence that the decision to prosecute a crack offender in federal court is guided by neutral criteria. These criteria include whether the drug quantity involved in the offense exceeds five grams, whether the defendant has any gang affiliation, and whether a firearm is used or is present during commission of the offense.
 
 
 12
 Id. at 1431.
 
 
 13
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, the trial court acted with the benefit of an earlier trial in this matter, and after reassessing the admissibility of the gang evidence concluded:
 [A]fter hearing the testimony at the trial, I am more convinced that the evidence having to do with gang membership is relevant and should not be excluded. It's relevant as to the conspiracy issues and distribution issues, and if the defendant wants any cooperation in using a word other than the word "gang," as we did before, the court is certainly willing to consider that.
 
 
 [2]
 Congress has rejected the Commission's recommendation to modify the scheme
 
 
 [3]
 Specifically, the plat on which the Locust street house was located was 832 feet from the school boundary lines